### IN THE

# HIGH COURT OF ERRORS AND APPEALS

#### FOR THE

# STATE OF MISSISSIPPI.

---

## APRIL TERM, 1853.

RICHARD M. MOORE, use, &c. *vs.* ALLEN and THRASHER.

The object of the statute in allowing the plaintiff in execution, his attorney, or agent, to execute a bond of indemnity to a sheriff in any case, is to transfer the liability, by a seizure and sale of the property under execution from the officer, to the persons executing the bond.

The obligors in the bond only make themselves liable for such damages as the injured party without it could have recovered from the sheriff.

It was the duty of K. to have availed himself of his defence of bankruptcy against the judgment, by *audita querela*, and supersedeas as to the execution.

No action could have been maintained against the sheriff, and whatever would be a good defence for him, if no bond had been taken, will also be a good defence for those who by the bond assumed his liability. *Held,* that K. cannot maintain an action in this form.

IN error from the circuit court of Claiborne county; Hon. Stanhope Posey, judge.

This was an action of debt, in the name of Moore, as sheriff, use of Keyes, on the following bond, to wit:—

"Know all men by these presents, that we, Henry W. Allen and John B. Thrasher, are held and firmly bound unto Richard M. Moore, sheriff of the county of Claiborne, in the State of Mississippi, in the penal sum of $2,000; to which

payment well and truly to be made, we bind ourselves, our heirs, etc., jointly and severally, firmly, by these presents. Sealed with our seals, and dated this the 18th day of March, A. D. 1846.

" The condition of the above obligation is such, that whereas the said Richard M. Moore, sheriff as aforesaid, has levied a writ of *alias pluries fieri facias,* issued upon a judgment of the Claiborne circuit court, in favor of Lawrence, Reese, & Co. against Josiah Rundell and Sylvester C. Keyes, for the sum of $1,532.24, upon the following property, to wit, upon a stock of jewelry and other articles, a schedule of which is attached to said writ, as the property of the defendant, Sylvester C. Keyes; and upon lots, Nos. 4, 5, 6, and 7, in square No. 2, upper division of the town of Grand Gulf, and on negro slaves Harrison and Missouri, as the property of defendant, Josiah Rundell. And whereas, a doubt has arisen whether the right of said property is in the said defendants, Keyes and Rundell, or not. Now, if the said Allen and Thrasher shall indemnify the said Richard M. Moore, sheriff as aforesaid, against all damages which he may sustain in consequence of the seizure or sale of said property ; and, moreover, shall pay and satisfy to any person or persons, claiming title to said property, all damages which such person or persons may sustain in consequence of such seizure or sale; then this obligation to be void, else to remain in full force and virtue.                    H. W. ALLEN.    [seal].

J. B. THRASHER.    [seal]."

The declaration alleged that the judgment of Lawrence, Reese, & Co. was obtained in the Claiborne circuit court, June 4, 1841.    That on March 24, 1842, said Keyes filed his petition in bankruptcy; and on December 12, 1842, he was discharged from all his debts.    That after the discharge in bankruptcy, to wit, on February 3, 1844, he purchased said jewelry; that the same was not subject to said execution of Lawrence, Reese, & Co; and that by virtue of said seizure, he has sustained damage, and sues, etc.

To the declaration of averments on said bond, the defendants demurred, and the court sustained the demurrer, but gave leave to plaintiff to amend his declaration; whereby the plaintiff

Moore et al. *v.* Allen et al.

amended his declaration at April term, 1848, by adding the following additional averments, to wit: —

To the amended declaration by additional averments, the defendants demurred; which demurrer is as follows, to wit, 1st. Because the bond does not sufficiently specify the jewelry, &c: levied on. 2d. It does not aver upon what property the levy was made. 3d. It does not show in what court the judgment was rendered. 4th. It is *nudum pactum.* 5th. That the bond is not signed by plaintiff in execution. 6th. It does not show a sufficient cause.

At the April term, 1849, of the Claiborne circuit court, the cause was argued on the foregoing demurrer; and the court sustained the demurrer, and gave judgment in favor of the defendants for their costs expended, &c.

The plaintiff has prosecuted a writ of error to this court; and the correctness of the judgment of the circuit court, in sustaining the demurrer to the declaration, constitutes the only question for the consideration of this court.

*A. T. Ellett,* for appellant.

The bond, on which this action was founded, was taken under the statute which authorizes the sheriff, when he shall levy an execution on property, and a doubt shall arise whether the right of such property is in the defendant or not, to apply to the plaintiff, his attorney, or. agent, for his bond, with good security, payable to the sheriff, conditioned to indemnify the sheriff, and also to pay and satisfy to any person claiming title to such property, all damages, &c., which bond is to be returned with the execution, and bars all right of action, by the person claiming such property against the sheriff, unless the obligors shall become insolvent. How. & Hutch. 631, 632; Ib. 900, 901.

The plaintiff in error contends, that the present is a good bond under the statute.

The first objection taken to the bond on the demurrer is, that it does not contain a list, or specification of the property levied on.

This objection goes only to the want of certainty. But *id certum est quod certum reddi potest,* and the bond refers to a

schedule of the property attached to the execution, and is thus rendered certain by a reference to another paper, which is definitely ascertained.

A bond is not void, merely because it does not conform in all respects to the statute. It is absolutely void, only when the statute declares it void. *Van Deusen* v. *Hayward*, 17 Wend. 67; *Ring* v. *Gibbs*, 26 Ib. 502; *United States* v. *Brown*, Gilpin, 155; *Morse* v. *Hodsdon*, 5 Mass. 314; 2 Green, N. J. 486.

Where the substance of the bond is prescribed by the statute, if it be so drawn as to include all the obligations imposed by 'the statute, and to allow every defence given by law, it will be valid, though slightly variant from the form prescribed. 3 Ham. 103; 2 Hawks, 167; 3 Monroe, 391; 1 Ham. 170; 2 Har. & Gill, 305; 2 Hawks, 93; 2 Bailey, 362; 2 Hall's Am. Law J. 456.

Even under the statute, 23 Hen. 6, which declares that all bonds taken in any other form than that prescribed, shall be void, it is held, that such obligations as differ and vary from the form in words and circumstances only, are good, notwithstanding the statute. 1 Shep. Touch, 373, 374; *Beawfage's case*, 10 Coke, R. 99.

Our statute (code 910, art. 6,) authorizes a forthcoming bond to be given by the person whose property is levied on. Yet in *Coffee* v. *Planters Bank*, 11 S. & M. 458, it was held, that a bond given by a different party from the one whose property was seized, was a good bond, the plaintiff not having moved to quash it. The court say, "we see no reason which will authorize us to say, that it was not binding on the signers."

So, in *McComb* v. *Ellett*, 8 S. & M. 518, an instrument without seals, and, therefore, not a bond at all, was held a good forthcoming bond under the statute, the plaintiff not having moved to quash it at the return term.

A statute bond, which superadds conditions not authorized by the act, is only void for the surplus. 1 Brockenb. 177–195; 1 W. & S. 261; 3 Ib. 324; Dudley (Geo.), 66; 9 Pick. 504; Peters' C. C. R. 47; *Ordinary* v. *Smith*, 2 Green's N. J. R. 479.

But if the recitals of the bond are insufficient, the amended declaration avers that it was given by the attorney of the plaintiffs in execution, with security.

Moore et al. *v.* Allen et al.

These averments are competent, and there is no rule of law excluding proof of them.

The rule that excludes parol evidence to explain written instruments, is only directed against the admission of any other evidence of the language of the parties. The writing may be read by the light of surrounding circumstances. 1 Greenl. Evid. 399, ch. 15, §§ 277, 282.

The circumstances in which the party is placed, or any collateral facts necessary to show the validity of the writing, or explain its operation, may be proved. Ib. § 297. And recitals of facts may be contradicted or explained, unless they are of a nature to estop the party on other principles. § 285.

So, the "reason and occasion" of signing a note may be shown by parol, though not admissible to explain the agreement. *Tyrrell* v. *Hope*, 2 Atk. 560.

Patent ambiguities, it is true, cannot "be holpen by averment;" but this is not a case of patent ambiguity. There is nothing ambiguous, that is, of uncertain meaning, on the face of the bond.

That it is competent to aver in the declaration, and show by proof the circumstances under which the bond was given, in order to establish the consideration, is held in *Sewell* v. *Franklin*, 2 Porter, 505. And in *Willis & Conley* v. *Ives*, 1 S. & M. 318, it is said, "it is a general rule, that wherever a contract or instrument does not of itself import a consideration, then the consideration on which it was founded must be averred in pleading."

Where a deed expresses no consideration, the true consideration may be averred and proved. *Cromwell's case*, 2 Co. 70; *Peacock* v. *Monk*, 1 Ves., sen., 128; Shep. Touch. 222, 510; 8 Johns. 30; 15 Mass. 85; 1 Dev. & Bat. 466; Roberts on Frauds, 117, note 58.

In fact, every sealed instrument imports a consideration, which, except under our statute, could not be impeached at law. 2 Kent, 464; 2 Black. Com. 446; 1 Bac. Ab. 111, 112; 7 T. R. 476; 10 Peters, 267.

And if the consideration be assailed, it may be supported by parol proof. *Hinde's Lessee* v. *Longworth*, 11 Wheat. 199.

It may be argued, that it appears by the face of the bond that both obligors signed as principals, and that it is not competent for the plaintiff to show that one signed as surety for the other, and that without a surety the bond is void.

It is held in the case of *Willis & Conley* v. *Ives*, that where both obligors signed as principals, each was estopped from showing that he signed as surety. That is upon the principle, that what a man has admitted by writing under seal, he shall not be allowed to deny. But does that rule apply to· the obligee? Is he estopped from showing that one was principal, and the other surety? There is no such principle of estoppel that can apply to him, and he is not forbidden to contradict the express recitals of the instrument, unless bound by a technical estoppel. 1 Greenl. Evid. § 285.

But whether this bond was a good statutory bond or not, it is clear that it is perfectly good as a common law obligation.

Bonds given to public officers for ease and favor, or extorted unlawfully *colore officii*, or conditioned to indemnify against a violation or neglect of duty, or upon any other unlawful consideration, are void.

But that voluntary bonds, void under the statute on account of non-compliance with its provisions, are good as common law obligations, unless founded on some illegal consideration, or prohibited by some positive rule of law, is a well settled proposition. *Sewall* v. *Franklin*, 2 Porter, 493; *Hooe* v. *Tebbs*, 1 Munf. 500; *Morse* v. *Hodsdon*, 5 Mass. 314; *Clap* v. *Cofran*, 7 Ib. 98; 1 Saund. R. 161, note 1; *Lampton* v. *Taylor*, Litt. Sel. Cas. 273; *Stratton* v. *Rowan*, 2 Bibb, 199; *Cobb* v. *Curtis*, 4 Litt. R. 235; *Stephenson* v. *Miller*, 2 Litt. 206; *Fant* v. *Wilson*, 3 Monroe, 342; *Hoy* v. *Rogers*, 4 Ib. 225; *Thompson* v. *Buckhannon*, 2 J. J. Marsh. 418; *Justices* v. *Smith*, Ib. 473; *McCormick* v. *Young*, 3 Ib. 182; *Brown* v. *Miller*, Ib. 437; 1 Gallison, 145–476; 5 Peters, 115; 10 Ib. 343; *McComb* v. *Ellett*, 8 S. & M. 518.

Although a bond, intended as a statute bond, is not good as such, it may be good at common law. *Gathwright* v. *Callaway County*, 10 Missouri, 663–666; *Stephens* v. *Crawford*, 3 Kelly, (Geo.) 499.

A forthcoming bond, though not good as a statutory bond, may be good at common law. *Johnson* v. *Merriwether*, 3 Call, 523. And debt may be brought upon it after a motion for judgment has been overruled. *Hewlett* v. *Chamberlayne*, 1 Wash. 367. So, if it be made payable to the sheriff, instead of the plaintiff, the sheriff may maintain an action upon it. *Beale* v. *Downman*, 1 Call, 249.

An indemnifying bond to the sheriff for taking property not subject to the writ, is not founded on an unlawful consideration. "It rests on the doubt respecting the true title, and is not regarded as a contract for a palpable violation or neglect of duty." *Sewall* v. *Franklin*, 2 Porter, 505; Litt. Sel. Cas. 273.

"In case of a disputed right in goods, bonds of indemnity, given to induce a levy upon the goods, are clearly lawful." *Shotwell* v. *Hamblin*, 1 Cushm. 156; Chitty on Con. 526; 6 Humph. 234; 7 Blackf. 343.

Besides, our statute expressly authorizes it. The only effect of not taking the bond in conformity to the statute, is, that it will not protect the sheriff from suit. 7 Mass. 98.

*J. B. Thrasher*, for appellees.

1. The bond is full of patent ambiguities, which cannot be "holpen by averments" in the declaration; and the reason is, because the law will not couple and mingle matter of speciality, which is of the higher account, with matter of averment, which is of inferior account in law; for that were to make all deeds hollow, and subject to averments, and so, in effect, that to pass without deed which the law appointeth shall not pass but by deed. 1 Greenl. Evid. § 297 (2d edit.); 1 Pick. R. 31.

An ambiguity is patent, where the mere perusal of the instrument shows plainly, that something more must be added before the reader can determine which of several things is meant by it; and then the rule is inflexible, that no evidence to supply the deficiency can be admitted. The admission of such evidence, in many cases, would be, (as Lord Bacon said,) to make that pass without deed which the law appointeth shall not pass but by deed. It would be departing from the great

leading principle which prevails on this subject, and allowing oral evidence to come in and ascertain that which the writing had left to the widest latitude of conjecture. 4 Cowen & Hill's Notes to Phil. Ev. 1360, 1361, note 938; 2 Porter, R. 507.

2. The bond, on its face, is a *nudum pactum*, and does not impose any liability, for want of a consideration, as the bond of third persons, wholly unconnected with the case, and for want of authority in the sheriff to take it. Comyn on Con. 23.

The bond, on its face, is at war with the averments of the amended declaration, and contradicts the same, even as the bond of third persons unconnected with the case, in this, to wit: " That after the making of said levy, that said plaintiff did apply to defendant, Thrasher, who was then and there attorney and agent for Lawrence, Reese, & Co., plaintiffs in said execution; and said Thrasher, as attorney and agent as aforesaid, executed and delivered said bond, with said Allen as his security therein." If either Allen or Thrasher can be considered as security, the one for the other, then the legal presumption is, from the face of the bond itself, that it is the bond of said Allen, with said Thrasher as his security; for the name of Allen is first signed to the bond, and that of said Thrasher follows, as the security of said Allen. He cannot be the security to a bond who signs it first (in legal presumption); for, until the name of the principal is signed, that principal cannot give security; there is no one to become security for until there is first a principal. The legal presumption, therefore, is, that Allen executed the bond first, as principal, and Thrasher secondly, as Allen's security.

By the statute, (H. & H. § 4, 589,) all sealed instruments are allowed to be impeached, by special plea, for want of a consideration. An obligation under seal, for the debt or undertaking of another person, may be impeached for want of a consideration; but where the want of consideration appears upon the face of the instrument itself, neither plea nor other proof is required, but the usual way of taking advantage of it is by demurrer. The instrument is said to be void on its face; and if the defendant has pleaded bad pleas, to which the plain-

Moore et al. *v.* Allen et al.

tiff demurs, the court will visit the demurrer back to the decla-
ration upon the void instrument. 2 Porter, R. 473, 478; 4
Stewart & Porter, R. 404–408; 2 Ib. 268; 5 Monroe, 31.

3. The statute of this State (H. & H. § 11, 631,) authorizes
the sheriff or other officer, on the levy of an execution upon
property, where a doubt shall arise whether the right of such
property is in the debtor or not, " to apply to the plaintiff, his
attorney or agent, for his bond, with good security," — not his,
her, or their bond, but " his bond," meaning the plaintiff's bond,
but which bond the plaintiff might execute by his attorney or
agent. The statute confines it to the bond of the plaintiff in
the execution, and will admit of no other legitimate construc-
tion, without a perversion of language and of intellect. The
language of the statute is, "'his bond," which can never be tor-
tured into his, her, or their bond, by judicial legislation, as
contended for by the plaintiff in error, in order to admit of the
bond of a third person, who, at the same time, happened to be
an attorney or agent of the plaintiff.

The bond under consideration is not the bond of Lawrence,
Reese, & Co.; nor does it purport to be executed by an attor-
ney or agent for them; nor by Allen and Thrasher, as attorney
or agent for Lawrence, Reese & Co., or for any other person.
Whose bond is it? If it is the bond of Allen and Thrasher,
then it is without consideration, which appears upon the face
of the bond; and a bond, to answer for the debt, default, or
miscarriage of another, must show the consideration, under our
statute of frauds. The bond of third persons, unauthorized by
the statute, taken *colore officii*, is void. In a statutory bond, it
is necessary to follow the form prescribed by statute. 5 How.
R. 298; 2 S. & M. 215.

A statutory bond, to be good, must be executed and condi-
tioned according to all the requirements of the statute in such
cases. *Howard* v. *Brown*, 8 Shepl. 385; Supplement to U. S.
Dig. vol. 1, 307.

A bond, differing from the form prescribed by statute, in sub-
stance, is bad as a statutory bond, and no recovery can be had
on it. 2 Leigh, R. 642; 1 Ib. 485.

The bond taken in this case certainly differs from the bond

prescribed by the statute in substance. The statute prescribes the bond of the plaintiff in execution, and the sheriff took the bond of third persons, wholly unconnected with the case. A bond taken *colore officii*, if it does not conform to the statute, is void. 5 Mass. R. 541.

That the bond in this case was taken *colore officii*, will not admit of a doubt; it is made payable to the sheriff, in his official character, and is sought to be enforced in his name, officially, for the use of the plaintiff in error, and grew out of a judicial proceeding; so that it has all the tests of a statutory bond, and is invalid as a statutory bond, in not being executed by the plaintiff in the execution. This point has been repeatedly decided in the courts of Alabama and this State. The case of *Sewall* v. *Franklin*, 2 Porter, R. 493, was an analogous case to the one under consideration, in which the sheriff took the replevy bond of third parties for goods attached by him, instead of the bond of the defendant in the attachment; and the court decided, that as a statute bond it was invalid, on the ground of its not having been executed by the defendant in the attachment, or by any one as agent, attorney, or factor for him. 2 Ib. 498, 507.

The case of *Cummings* v. *Gray*, 4 Stewart & Porter, R. 404–408, is in point and decisive of the case under consideration, being the replevin bond of third persons, with security, and conclusive as to the amended declaration in this case, pleadings and demurrer, to the pleas which were adjudged by the court, in that case, to extend back to the declaration upon the replevy bond. " The principal objection against the declaration," in that case, say the court, " is, that it is founded on a replevy bond, given by persons who do not appear or purport to have had any authority to act for the defendant in the attachment. The statute of 1807 authorizes only the defendant, his attorney, agent, or factor, to replevy the estate attached." This statute of Alabama is, almost word for word, that of our own statute, upon which the bond under consideration was taken. 4 Ib. 404. Again say the court in that case: " No authority is found by which a stranger, or any indifferent person, can claim the right to replevy property attached," &c. Unless the replevy

Moore et al. *v.* Allen et al.

has been made by one who, by law, could claim the right to do so, the bond cannot fall within the provision of the statute regulating the condition thereof, and authorizing its assignment to the plaintiff by the sheriff.   4 S. & P. R. 407.

A forthcoming bond, taken without security, is void, for want of authority in the officer to take it.   6 How. R. 296.   Bail is not liable, unless the principal signs the bond.   17 Mass. R. 591.

In the case at bar, Lawrence, Reese, & Co. were the principals, who did not sign the bond, and Allen and Thrasher do not sign it as attorneys or agents for them.

An administrator cannot take the bond of a third person for property sold at an administrator's sale.   The law requires the bond of the purchaser.   1 S. & M. Ch. R. 172.

An attachment bond executed by a third party is void, unless it shows upon its face that the party executing it acted as the attorney or agent of the plaintiff.   *Ford* v. *Hurd*, 4 S. & M. 683. This decision is in point, as to the execution of the bond. Neither Allen nor Thrasher signed the bond, as either attorney or agent, for Lawrence, Reese, & Co.   They had no authority to do so.

Lastly. The statute, requiring the bond of the plaintiff with good security, is not satisfied with the bond of a third party without security, and in no way connected with the case.

All statutes directing a thing to be done in a particular manner, although in the affirmative, include within themselves a negative, to wit, that it shall not be done otherwise.   20 Wend. R. 250; 1 Paine, R. 406.

Official bonds, when not conformable to the statute that requires them, though they may be good at common law, can only be enforced according to the rules of the common law, and not under the statute as a statutory bond.   See, for this principle, 3 Dev. 286; 1 Ham. 281; 1 Dev. 153; 3 Ib. 297; 4 Ib. 268; 3 Har. & McHen. 216; 3 Kelly, 499.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of debt in the circuit court of Claiborne county, in the name of Richard M. Moore, for the use of

Sylvester C. Keyes, founded upon a certain bond of indemnity executed by the defendants on the 18th day of March, 1846, to the said plaintiff, as sheriff of said county.

The defendants below demurred to the declaration, and the demurrer was sustained by the court. From which judgment the case is brought into this court by writ of error.

The facts averred in the declaration are as follows: On the 4th day of June, 1841, Lawrence, Reese, & Co. recovered a judgment in Claiborne circuit court against the said Sylvester C. Keyes and one Josiah Rundell, for the sum of $1,532.24. On the 12th day of December, 1842, Keyes having filed his petition in the United States district court at Jackson, praying to be declared a bankrupt, received his certificate as a bankrupt. On the 3d of February, 1844, he purchased certain personal property which was seized by the sheriff of said county, by virtue of an execution issued upon said judgment in the early part of the year 1846.

Upon this state of facts, John B. Thrasher, one of the defendants herein, and the attorney of Lawrence, Reese, & Co., executed the bond in question, with Allen as his security, to the plaintiff as sheriff of said county.

The bond, after reciting the levy of the execution, and stating that "a doubt had arisen, whether the right of said property was in the defendants Keyes and Rundell, or not, sets forth the following condition: Now, if the said Allen and Thrasher shall indemnify the said Richard M. Moore, sheriff as aforesaid, against all damages which he may sustain in consequence of the seizure or sale of said property; and moreover shall pay and satisfy to any person or persons, claiming title to said property, all damages which such person or persons may sustain in consequence of such seizure or sale, then this obligation to be void." The declaration, after setting out the levy of the execution upon the property of Keyes, acquired on the 3d of February, 1844, after his bankruptcy, contains the following breach, to wit: "And so the said plaintiff in fact says, that the said stock of jewelry and other articles, so levied on as aforesaid, are not subject to the said execution of the said Lawrence, Reese, & Co.; nor liable to be seized and taken by virtue thereof;

Moore et al. *v.* Allen et al.

and the said Keyes, by reason of the seizure thereof, as aforesaid, hath suffered and been subjected to great loss and damages." The breach then proceeds to state definitely the damages sustained.

Under this statement of the case, the question arises, whether the action can be maintained upon this bond against the defendants. The object of the statute in allowing the plaintiff in execution, his attorney, or agent, to execute a bond of indemnity to the sheriff in any case, is to transfer the liability, to which he subjected himself by the seizure and sale of the property under the execution, to the persons executing the bond. The obligors in the bond only make themselves liable for such damages as the injured party without it could have recovered from the sheriff. Suppose, then, that the sheriff had proceeded to sell the property under the execution, without taking this bond, and Keyes had brought his action against the sheriff, could he, under the state of facts averred in the declaration, have recovered damages? This question appears almost too clear to require an answer. The sheriff, by his plea, justifies his action under process, emanating upon a judgment which does not appear of record to have been satisfied or discharged. The execution contains no evidence of payment or satisfaction. The certificate in bankruptcy would have afforded no defence whatever to this plea, for the very plain reason, that it contained matter going in discharge of the judgment since its recovery, and not appearing of record, or upon the execution, it was the duty of the defendant to have availed himself of this defence against the judgment by *audita querela* and *supersedeas* to the execution. The sheriff may have been wholly ignorant of proceedings in bankruptcy; but even if he had been fully informed on the subject, it was not a question to be adjudicated by a mere ministerial officer, but by a judicial tribunal.

It is to our minds clear, that no action could have been sustained against the sheriff. Whatever would be a good defence to him, if no bond had been taken, will also be a good defence to those who, by the bond, assume his liability.

The sheriff, under the facts charged, was bound at his peril

to proceed in executing the writ. He levied upon the property of the parties to the judgment; in this he committed no trespass, and was, therefore, liable to no damages. It may be true, that Keyes would have a remedy in a different form of action against the plaintiffs in the execution to recover back the money, or the value of the property; but this question is not involved, and we, therefore, give no opinion.

Judgment affirmed.