## JAMES YATES *vs.* CYRUS WORMELL.

*Confusion of goods.   Attachment.   Trespass.*

An action of trespass lies against an officer who attaches the goods of a stranger, notwithstanding they are so intermingled with those of the debtor that the officer cannot distinguish them, if the owner is present and offers to select his, and is prevented from so doing by the officer.

ON EXCEPTIONS AND MOTION.
TRESPASS.

*D. Hammons*, for the plaintiff.

*S. F. Gibson*, for the defendant, cited *Smith* v. *Morrill*, 56 Maine, 564, 568; *Hesseltine* v. *Stockwell*, 30 Maine, 237; *Bryant* v. *Ware*, 30 Maine, 295.

WALTON, J.   This is an action of trespass against the sheriff of the county of Oxford, for the alleged misdoings of his deputy in attaching the plaintiff's goods on a writ against one Artemas Felt.

The principal ground of defense was that the plaintiff's title was fraudulent as against the creditors of Felt.   But the defendant's counsel also made the point that there was such an intermingling of the plaintiff's goods with those of Felt, that the officer could not distinguish them ; and that the officer was, therefore, justified in taking the whole into his possession ; and that for such a taking this form of action (trespass) could not be maintained against him ; and requested the presiding judge so to instruct the jury.

The presiding judge instructed the jury that if they should find such an intermingling as was contended for by the defendant's counsel, they should find for the defendant, ' unless the plaintiff offered to designate his goods ; and if he did, and the officer prevented him, that the officer was not justified, and this form of action could be maintained against him.'

To the qualification commencing with ' unless,' the defendant excepts.   He says it is in conflict with the law as laid down by the same judge in *Smith* v. *Morrill*, 56 Maine, 566 ; that it is there said to have been repeatedly held that an officer has a right to attach the goods of another, negligently or fraudulently intermixed with those of the debtor, and hold them until they were identified by the owner, and a re-delivery demanded ; that he could not be treated as a trespasser for doing what he had a right to do ; and that if after identification, and a demand for re-delivery, he refused to give up the goods, he would be liable for their value in trover, but that trespass could not be maintained for the original taking.

The defendant's counsel contends that the law is plain and positive that trespass cannot be maintained against an attaching officer where there is such an intermingling of goods, even if an offer is made by the plaintiff to point out or designate the part belonging to him.

We think this proposition cannot be maintained.   It is evident that in *Smith* v. *Morrill*, the chief justice was not speaking of a

Yates v. Wormell.

taking where the owner is present and offers to point out his goods. Nor does he say that an officer may not be made a trespasser *ab initio*, by relation, where the owner subsequent to the attachment offers to point out his goods, and demands a re-delivery of them. He simply says that he will not be a trespasser for the original taking, which is undoubtedly true.

It is said in *Shumway* v. *Rutter*, 8 Pick. 447, that the officer is obliged to attach the goods of the debtor, notwithstanding they may be mixed with the goods of another; that it is the business of the owner, who has allowed them to be so confused, to separate his own from the debtor's. But the court also say, that if the owner can distinguish, and does point out to the officer the goods which belong to him, the officer will be a trespasser if he takes them. See also *Taylor* v. *Jones*, 42 N. H. 36. And in *Carlton* v. *Davis*, 8 Allen, 94, and in *Smith* v. *Sanborn*, 6 Gray, 134, the court say that if there is such an intermingling of goods, it is the duty of the officer to ascertain, if he can, what portion of the goods belongs to each, and that he will not be justified in attaching the whole without first making such an effort.

We think there can be no doubt that an action of trespass will lie against an officer who attaches the goods of a stranger, notwithstanding they are so intermingled with the goods of the debtor that he cannot distinguish them, if the owner is present and offers to select them, and is prevented from so doing by the officer. As the ruling of the presiding judge, which is excepted to, went no further than this, the exceptions must be overruled.

The defendant also files a motion to have the verdict set aside as against evidence. The motion cannot be sustained. The verdict may not indeed be such an one as we might have rendered, but we think it is not one which is so clearly erroneous, that it should be set aside.                    *Motion and exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J.; CUTTING, DICKERSON, and DANFORTH, JJ., concurred.