J. H. FRANK SMOKEY *v*. THE PETERS-CALHOUN CO. ET AL.

1. SHERIFF.   *Custody of attached property.   Liability of bond therefor.*
   A sheriff and the sureties on his official bond are liable to the party injured by the failure of such sheriff to safely care for property seized under attachment.

2. SAME.   *Indemnifying bond.   No protection against negligent custody of officer.*
   The sureties upon an indemnifying bond are not liable for damages resulting from the negligent failure of the sheriff to safely keep such property after its seizure.

3. INDEMNIFYING BOND.   *What damages covered thereby.*
   The sureties on such bond are liable only for the damages resulting from the lawful discharge of the sheriff's duty in seizing the property and appropriating it according to the writ, and they are not liable for any loss or injury caused by the negligence or misconduct of the officer in dealing with the property after seizing it.

4. ATTACHMENT.   *Levy.   Duty of claimant to identify his goods.*
   If a third person, whose goods are intermixed with the defendant's goods, which are seized in attachment, interposes a claim to all the stock without pointing out his portion and demanding it, and fails to do so until the trial of the claimant's issue, he cannot recover damages because of their seizure and detention by the sheriff.

5. INDEMNIFYING BOND.   *Defenses available to sureties.*
   Any defense available by a sheriff in reference to matters covered by an indemnifying bond can be availed of by the sureties on such bond.

FROM the circuit court of Adams county.

HON. RALPH NORTH, Judge.

This suit was brought by the appellant upon an indemnifying bond executed by appellees. The goods, for the seizure and detention of which this suit is brought, were seized by the sheriff of Adams county under a writ of attachment in the suit of the Peters-Calhoun Co. against Mrs. Mary Smokey.

It was shown in evidence that Mrs. Smokey had been merchandising in Natchez, and that the appellant assumed charge of the same store as her successor in the business ; that he had in the store some goods which at the time of the levy he claimed as his own, and

certain other goods, chiefly harness, which he admitted on the trial for the first time belonged to his mother. When the officer went to the store to levy the attachment writ appellant was in possession, and the officer sought to find the goods belonging to Mrs. Smokey. These goods were intermingled with those of the appellant who interposed a claim to all of them without pointing out those belonging to his mother, the defendant. Neither the defendant nor the claimant gave bond for the property, and it was all removed from the store-room of appellant, and stored by the sheriff in another room, and thus kept until the trial of the claimant's issue, some eighteen months later. Upon the trial of this issue the appellant for the first time admitted that certain of the goods belonged to the defendant, and these, and a few other articles of those seized, were by the jury found to belong to the defendant, and were subjected to the claim of the plaintiff in attachment. The remaining goods were awarded to the appellant as claimant.

Thereupon appellant brought this suit against appellees as parties to the indemnifying bond, given to the sheriff at the time of the levy of the attachment writ. The special damages assigned are loss and depreciation in value of the goods resulting from the failure of the officer to properly take care of them, they having been injured by the dampness of the room in which they were stored, and by the lack of attention to them on the part of the officer. Appellant also claimed damages because of their unlawful seizure and detention.

The sureties upon the bond defend upon the ground that the injury resulting from negligent custody of the goods was not covered by the indemnifying bond but by the sheriff's official bond, and that the claimant could not complain because of the seizure and detention of his goods, as he failed and refused to point and identify them, but made claim to all of the stock seized.

In view of the foregoing undisputed facts in evidence, the court excluded all the evidence of the plaintiff, and instructed the jury to find for the defendants. From a judgment in accordance with the instruction, the plaintiff appealed.

*James G. Leach* and *Hooker & Hooker*, for appellant.

The jury should be allowed a large scope to consider and deter-mine the damages, as in a suit on the attachment bond.  *Baldwin* v. *Bailey*, 44 Miss. 132.    In *Marqueze* v. *Sontheimer*, 59 Miss. 430, this court, in defining what was recoverable as "actual damages," quoting from Drake on Attachments, enumerates, (1) expenses and losses incurred in making defense to the attachment proceed-ings, and (2) loss from being deprived of the use of the property, or from an illegal sale of it, or injury to it, or loss or detention thereof.

The breaches were therefore properly assigned.

In excluding the plaintiff's evidence the court plainly invaded the province of the jury.    Such a peremptory power should not be exercised except where there is no room for doubt.    *Swan* v. *Liver-pool Ins. Co.*, 52 Miss. 704.

The authorities relied on by counsel for appellee upon the second ground of defense relate to *confusion* of goods.    There is a wide difference between confusion and intermixture.    There may be intermixture without confusion, but no confusion without intermix-ture.    Drake on Attach., § 199.

The goods belonging to Mrs. Smokey were old goods, remnants, and those of the claimant, appellant here, were new, fresh goods. This is the proof, and therefore the goods were easily distinguish-able.    The rule in reference to confusion of goods is carried no further than necessity requires, and if goods can be easily distin-guished and separated, as articles of furniture for instance, no change of property takes place.    *Colwill* v. *Reeves*, 2 Campb. 575 ; 11 Sharswood Blackst. 405, note.

*C. E. Hooker, Jr.*, of counsel for appellant, argued the case orally.

*Calhoon & Green, Martin & Lannan*, and *T. Otis Baker*, for ap-pellees.

1. The nature and measure of damages on such bonds is a new question here.    It has been held that specific damages, viz.: attor-ney's fees, hotel bills, and loss of time cannot be recovered by claim-ant.    *Brinker* v. *Leinkauff*, 64 Miss. 236.

An indemnity bond stands in the stead of the sheriff and becomes

a substitute for him. *Swain* v. *Alcorn,* 50 Miss. 320; *Shattuck* v. *Miller,* Ib. 386.

In our view the indemnity bond is given to save the sheriff from acts done by him lawfully in the execution of process, if it shall turn out that by the execution of the process a trespass has been committed; or if a sale is made, a conversion has taken place.

The plaintiff has no right to interfere in the manner of executing process. For the manner of its execution, for all acts in dealing with the property seized, the sheriff is responsible, if loss or damage occur.

All loss directly traceable to the original trespass is covered by the indemnifying bond. But for damages resulting from negligent custody of the goods, the sheriff on his official bond is liable. Murfree on Official Bonds, § 788; *O'Donohue* v. *Simmons,* 31 Hun 269; Murfree on Sheriffs, § 626; *Boynton* v. *Morrill,* 111 Mass. 4; 1 Wade Attachments, §§ 230, 238; Waples on Attach. 278, 280.

2. "In case of intermixture of goods even without the owner's knowledge, the owner can maintain no action against the officer for taking them until he has notified the officer and demanded and identified his goods and the officer shall have delayed or refused to deliver them. In such case the officer cannot be treated as a trespasser for taking the goods." Drake on Attach., § 199; *Wilson* v. *Lane,* 33 N. H. 466; Murfree Sheriffs, § 546; *Yates* v. *Wormeci,* 60 Me. 496, 497; *Sawyer* v. *Merrill,* 6 Pick. 479; *Shumway* v. *Rutter,* 8 Ib. 447; *Bond* v. *Ward,* 7 Mass. 126; *Lewis* v. *Whittemore,* 5 N. H. 364.

Under the proof the claimant was in default for not pointing out his portion of the goods, and cannot recover.

*M. Green,* of counsel for appellees, argued the case orally.

ARNOLD, C. J., delivered the opinion of the court.

It was the duty of the sheriff, after the property had been seized under the writ of attachment, to take care of it, and if he failed to do so, he and the sureties on his official bond, were liable therefor to the party injured. *Com.* v. *Cole,* 46 Am. Dec. 515; Waples on Attachment 279, 280. The bond of indemnity neither increased

nor lessened his obligations in this respect.    *James* v. *Thompson*, 12
La. An. 174.

The sureties on the indemnifying bond were not liable for the
negligence or misconduct of the sheriff in keeping the property.
Their only liability, was from the consequences that might result
from the lawful discharge of the sheriff's duty in seizing the prop-
erty and appropriating it to the payment of the attaching cred-
itors' debt.    Murfree on Official Bond, § 788 ; *Boynton* v. *Morrill*,
111 Mass. 4 ;  *O'Donohue* v. *Simmons*, 31 Hun 267.

The goods claimed by appellant having been levied on under
the writ of attachment, as part of a stock of goods intermixed with
those of the defendant in the attachment, and appellant having
claimed the whole of the stock, instead of pointing out and giving
notice to the sheriff of what particular part of it belonged to him,
he is not entitled to recover damages for his part of the goods
having been seized and held by the sheriff, until they were, for the
first time, designated as belonging to him, on the trial of the
claimant's issue.

It was the duty of the sheriff to levy on the goods of the defend-
ant in attachment, notwithstanding they were intermixed with those
of appellant, and he had a right, and it was his duty, to take and
keep the whole, until appellant identified his part of the stock, and
demanded that it should be delivered to him.    The sheriff cannot
be treated as a trespasser for doing what he had a right to do, and
whatever would be a good defense to him if no indemnifying bond
had been taken, is a good defense to those who, by such bond,
assumed his liability.    Drake on Attachment, § 199 ; *Lewis* v.
*Whittenmore*, 5 N. H. 364 ;  *Wilson* v. *Lane*, 33 Ib. 466 ; *Shum-
way* v. *Rutter*, 8 Pick. 443 ; *Yates* v. *Wormell*, 60 Me. 495 ;
*Moore* v. *Allen*, 25 Miss. 363 ; *Overby* v. *McGee*, 63 Am. Dec. 49.

*Affirmed.*