W. C. MOORE, USE, ETC., *v.* LOWREY, CARTER & CO. ET AL.

1. ATTACHMENT LEVY. *Indemnifying bond. Damages.*

    Attorneys' fees, and other expenses incurred in sustaining a claimant's issue for property seized under attachment, are not ordinarily recoverable in a suit on an indemnifying bond.

2. SAME. *Wilful wrong.*

    Knowledge by a plaintiff in attachment, and of his attorney, that a bill of sale to personal property has been executed by the defendant in execution and duly recorded, does not make a levy thereon a wilful wrong.

FROM the circuit court of Jones county.

HON. A. G. MAYERS, Judge.

The suit was instituted by Moore, sheriff, for the use of Gage, against appellees to recover damages on an indemnifying bond. A demurrer was sustained to the declaration, and plaintiff appealed.

*F. V. Brahan,* for appellant.

The declaration is good in law, and the demurrer should have been overruled. See §§ 3482 and 3483 of the code of 1892. See, also, 24 Miss., 96; 25 *Ib.*, 369; 58 *Ib.*, 298; 50 *Ib.*, 320, 387; 54 *Ib.*, 702; 64 *Ib.*, 236; 66 *Ib.*, 471; 67 *Ib.*, 494; 68 *Ib.*, 180, 573.

*McIntosh & McIntosh,* for appellees.

Evidently the counsel for appellant has been misled by the

syllabus and statement of the case in *Brinker* v. *Leinkauff et al.*, 64 Miss., 236. In that case, the opinion of the court, delivered by Cooper, C. J., does not squint at the radical principle announced in the syllabus. It holds that the demurrer was properly sustained, and that the damages for which the obligors in the bond could be held liable, "were such as should result from the seizure of the goods, and did not include attorneys' fees nor other expenses incurred by the appellant in defending his title to the property" (citing *Stauffer* v. *Garrison*, 61 Miss., 67).

CALHOON, Sp. J., delivered the opinion of the court.

Mr. Gage filed a declaration in the name of Moore, sheriff, on an indemnifying bond, averring that he owned $2,000 worth of lumber stored with a lumber company; that Lowrey, Carter & Co. attached a debtor and seized his lumber, but was required to give, and did give, to the sheriff the indemnifying bond sued on; that he, as claimant, replevied this lumber and gave the proper replevin bond, and was successful on the trial of the claimant's issue; that the attached debtor had, long before the suing out of the attachment, sold him the lumber by bill of sale, which was recorded in the chattel deed records of the county, and that the attaching creditors well knew, or, by due diligence could have known, of this record, and, because of this knowledge, the seizure of his property was a wilful wrong on him. He claims damages for attorneys' fees and other charges incurred by him in defending his claim, to the amount of $1,200. The condition of the bond sued on is, according to the statute, to save the sheriff harmless "against all damages which he may sustain in consequence of the seizure or sale of said property." A demurrer was sustained to this declaration.

This court is thoroughly committed to the doctrine that attorneys' fees and expenses incurred in sustaining the issue, such as hotel bills, traveling expenses, telegrams, etc., are not re-

coverable in actions on such bonds as that sued on here. *Brinker* v. *Lainkauff*, 64 Miss., 239, 240; *Stauffer* v. *Garrison*, 61 Miss., 70, 71; *Smokey* v. *Peters*, 66 Miss., 475.

We are not called on to decide anything in reference to what, if any, would be the legal result in this action if the seizure involved questions of wilful wrong or fraud, malice or oppression, because there is no averment of any facts showing either. Neither is shown by the charge that the plaintiffs in the attachment "and their attorney of record well knew of the execution and record of said bill of sale, or could have known, by due diligence, . . . and plaintiffs allege that, in view of this knowledge, the suing out of said attachment and the seizure of said lumber was a wilful wrong." This is a *non sequitur*. The very record of the bill of sale may have been an inducement to the procedure of levy in the utmost good faith and honesty of belief. The court below properly sustained the demurrer and the judgment is

*Affirmed.*