RHODES *et al. v.* CAMPBELL.

(In Banc.   Sept. 25, 1944.)

[19 So. (2d) 244.   No. 35626.]

**Homer Currie,** of Raleigh, for appellants.

Appellee not represented in this court.

**Alexander, J.,** delivered the opinion of the court.

Appellee filed a bastardy suit against appellant, Tommie Rhodes, before a justice of the peace. After a hearing, appellant, Rhodes, was bound over to the circuit court. Code 1942, Sec. 383. Upon this appearance bond the appellants Mary Rhodes, Dock Rhodes, and D. L. Fail were sureties. Rhodes failed to appear and the issue was heard by a jury which awarded judgment against him for payment of fifteen dollars a month for a period of fifteen years. The judgment went against the sureties also, and was not entered nisi but was embodied in the final judgment against Rhodes. The appeal here is by Rhodes and these sureties.

It was error to enter final judgment upon the appearance bond against the sureties without citation. As to them, the judgment of the trial court is reversed and remanded.

Tommie Rhodes assigns also for error the judgment upon the merits. The verdict of the jury was as follows: "We the jury find for the plaintiff and recommend the payment of $15.00 per month for 15 years from the birth of the child." There was no motion to correct or amend the verdict, and judgment was entered in the amount mentioned. We do not think the verdict is either void or vague. It represents a finding in accord with the judgment and wishes of the jury. The expression has been found sufficiently definite even in a criminal case. Lewis v. State, 51 Ala. 1. Compare Martin v. Central Iowa R. Co., 59 Iowa 411, 13 N. W. 424; McGuire v. Mo. Pac. R. Co., 23 Mo. App. 325; 22 Encyc. Pl. & Pr., 899. The judgment is affirmed as to Tommie Rhodes, and reversed and remanded as to Mary Rhodes, Dock Rhodes, and D. L. Fail.

So ordered.

PARTIALLY DISSENTING OPINION.

**Anderson, J.,** delivered a partially dissenting opinion.

The verdict of the jury is void because it failed to fix the amount of the recovery. If that be true, the judgment ought to be reversed not only as to the appellant but the sureties. The verdict of the jury is in this language: "We the jury find for the plaintiff and recommend the payment of $15.00 per month for 15 years from birth of child." The only reasonable interpretation of the verdict is that the jury declined to fix the amount of recovery but instead simply made a recommendation to the court as to what it should be. Jury verdicts must be specific and certain and of course must be rendered by the jury and not by the presiding judge. In Webster's New

International Dictionary, 2nd Ed. Unabridged, 1944, among other definitions of the word "recommend" is the following: "3. To commend, or being forward explicitly, as meriting consideration, acceptance, adoption, election, or the like; to present as one's advice; one's choice or as having one's approval or support; to offer or suggest with favoring representation; as, to recommend a new-comer to one's friends, a defendant to the mercy of the court, the appointment of Brown to the postmastership." Under the law the circuit judge has large powers with reference to the verdict of a jury. Among others are that if the verdict, contrary to the great preponderance of the evidence, fixes the amount of recovery so large as to be exorbitant and unreasonable, or so small as to be wholly inadequate, it is the duty of the court to set it aside and grant a new trial. Doubtless many jurors are aware of such power. To illustrate what might reasonably occur in the jury room: A sues B for slander and demands a judgment for $10,000. Four of the jurors are in favor of giving a verdict for the amount sued for, four in favor of a verdict for $7,500, and four for $5,000. Neither group will yield and after two or three days' consideration a majority of the jurors say to the balance of them; "We are not willing to agree on a verdict but will join you in recommending that the judge fix the recovery at $7,500.00; under the law he has the last say any how." Just such an occurrence might have taken place in the present case. Take a replevin suit involving two quarter sections of land, the jury finds that the plaintiff ought to recover one of the quarter sections and is inclined to believe the other quarter section also, but can not agree as to the latter. Thereupon they return this kind of a verdict: "We the jury find for the plaintiff and recommend that he recover both quarter sections of land." The verdict of the jury should be as specific and in as unmistakable language as the judgment of the court thereon.

The Alabama case holding to the contrary in my judgment is so unsound and mischievous in its result that we ought not to follow it.