KERSH *v.* DUFORE.

In Banc. Jan. 24, 1949.

(38 So. (2d) 474)

Hunter Garth and H. C. Stringer, for appellant.

W. T. Horton and Barnett, Barnett & Jones, for appellee.

Hall, J.

Appellee, as owner, filed an affidavit for an attachment against appellant, as tenant, for rent in arrears on a commercial building on the outskirts of Jackson in Hinds County. Proper attachment bond was filed and the writ was issued and placed with a Constable who seized appellant's personal property situated in the building, locked it up therein, and advertised it for sale pursuant to the statute. The appellant did not replevy the property, as was his right, but, instead, filed an affidavit that he did not owe the rent claimed, which affidavit, under Section 924 of the Mississippi Code of 1942, stopped the sale of the property but left it still in the custody of the Constable. All papers were in due course transmitted to the County Court where judgment was entered for appellee. This judgment was affirmed by the Circuit Court and on appeal was affirmed by this Court without a written opinion. Kersh v. Dufore, 19 So. (2d) 244. After the mandate of this court was filed in the Court below appellant filed a motion to retax the costs, which motion was directed particularly to the costs of the Justice of the Peace and Constable and to an item of approximately $210 for expense incurred in storing the property. The County Court sustained the motion in part by retaxing the fees of the Justice of the Peace and Constable but overruled it in all other respects. From this action an appeal was taken to the Circuit Court where the judgment of the County Court was affirmed and an appeal has been prosecuted therefrom to this Court.

The record fails to show that the lower court improperly allowed any fees to the Justice of the Peace and Constable.

As to the bill for storage the record reflects without dispute that soon after the property had been seized and the building locked by the Constable in 1942 some one broke into the building. This fact was reported to the Constable who went and investigated and found one of the doors open. He was unable to find any of the property missing and again locked the building, but immediately reported the matter to the attorneys who were then representing Kersh. These attorneys requested the Constable to remove the property from the building and to place it for safe-keeping in a storage warehouse in the City of Jackson. That such request was made by appellant's attorneys is not denied. In compliance therewith the Constable engaged the services of Mississippi Moving and Storage Company to remove the seized property to its storage warehouse, which was done. The property remained in storage for over two years. After affirmance of the original judgment in 1944 it was again advertised for sale to satisfy the judgment and thereupon the appellant paid the amount due on the judgment, went to the storage warehouse and paid the storage charges thereon at the rate of $8 per month, and obtained his property and later filed the aforesaid motion. The proof shows without dispute that there was a large quantity of the property,—two truck loads,—and that the storage charges are reasonable.

Statutory authority for the Constable's action in moving the property to a safe place and preserving it is found in Section 1913 of the Mississippi Code of 1942. Such authority was also given by the attorneys for appellant.

But, irrespective of this, it was the duty of the levying officer, after the property had been seized under the writ of attachment, to take care of it, and, if he had

negligently failed to do so, he and the sureties on his official bond would have been liable therefor. Smokey v. Peters-Calhoun Co., 66 Miss. 471, 5 So. 632, 14 Am. St. Rep. 575.

Affirmed.